UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| VACATION RENTAL PARTNERS, LLC; ) <br> ) <br> *Plaintiff*, ) <br> ) <br> v. ) <br> ) <br> VACAYSTAY CONNECT LLC. ) <br> ) <br> *Defendant*. ) | Case No. <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

Vacation Rental Partners, LLC ("VRP" or "Plaintiff") files this Complaint against defendant VacayStay Connect, LLC ("Defendant"), and alleges as follows:

### Nature of the Action

1. This is an action for infringement of VRP's U.S. trademark rights in its federally-registered VAYSTAYS mark in violation of 15 U.S.C. §1114, federal unfair competition in violation of 15 U.S.C. §1125(a), violation of the federal Anti-Cybersquatting Consumer Protection Act 15 U.S.C. § 1125(d), violation of the Illinois Uniform Deceptive Trade Practices Act (815 ILCS 510/1 *et seq.*), and violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1 *et seq.*).

### Parties

2. Vacation Rental Partners, LLC is an Indiana limited liability company with a principal place of business at 222 W. Ontario Street, Suite 320, Chicago, Illinois, 60654.

3. Upon information and belief, Defendant is an Illinois limited liability company with a principal place of business at 200 W. Madison Street, Suite 650, Chicago, Illinois 60606.

## Jurisdiction and Venue

4. This action arises, in part, under the U.S. Lanham Act, Title 15, United States Code 35 U.S.C. § 1051, et seq. Accordingly, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338, and jurisdiction over the related ancillary claims under §1367.

5. Personal jurisdiction is proper in the Northern District of Illinois under 28 U.S.C. §1391(b) and (c) with respect to Defendant, because a substantial part of the events giving rise to the claims occurred in this District. Furthermore, Defendant is located within this District and conducts regular business within this District.

6. Venue is proper in this judicial district under 28 U.S.C. §1391(b) and (c) because Defendant is a resident of this district and a substantial part of the activities giving rise to the claims alleged herein occurred in this district.

## Plaintiff's Vacation Property Rental Services

7. VRP offers a broad array of real estate related services to assist property owners with managing, advertising, and ultimately renting out their properties to travelers and vacationers. VRP offers these services through a number of mediums and websites, including the website www.vaystays.com. VRP's vaystays.com website helps connect property owners with vacation travelers seeking verified, professionally-managed vacation rental properties in coveted destinations worldwide.

8. Attached as **Exhibit A** is a screen shot taken from VRP's vaystays.com website, which provides an example of how VRP uses its VAYSTAYS mark in association with these services.

2

9. In addition to its common law rights acquired through its consistent use of the VAYSTAYS mark in connection with the promotion of vacation rental properties for its property owner clientele, VRP holds all right, title and interest in and to the below-identified U.S. Trademark Registration, a copy of which is attached hereto as **Exhibit B**.

| U.S. Reg. No. | Mark | Designated Services |
| --- | --- | --- |
| 4,693,380 | VAYSTAYS | Classified real estate listings of apartment rentals and housing rentals; Commercial and residential real estate agency services; Lease of real estate; Leasing of real estate; Leasing of real property; Providing information in the field of real estate via the Internet; Providing real estate listings and real estate information via the Internet; Providing real estate listings via the Internet; Real estate brokerage; Real estate consultancy; Real estate listing; Real estate listing services for the housing rentals and apartment rentals; Real estate management consultation; Real estate management of vacation homes; Real estate management services; Real estate rental services, namely, rental of residential housing; Real estate service, namely, rental property management; Real estate services, namely, condominium management services; Real estate services, namely, property management services for condominium associations, homeowner associations and apartment buildings; Real estate services, namely, rental of short-term furnished apartments; Real estate services, namely, rental of vacation homes; Real estate services, namely, rental of vacation homes, condominiums, cabins, and villas using pay per click advertising on a global computer network; Real estate services, namely, vacation home rental management services. |

10. U.S. Trademark Registration No. 4,693,380 was filed on February 12, 2014 based on a bona fide intent to use, and pursuant to 15 U.S.C. §1051(b). Accordingly, priority of this registration dates back to the application filing date.

## Defendant's Infringing Acts

11. On information and belief, Defendant provides a suite of vacation property rental services through various websites and in connection with the VACAYSTAY mark. These

services include helping property owners market and advertise their properties to the real estate rental marketplace, and primarily to vacation renters.

12. For example, Defendant operates the website www.vacaystayconnect.com, which helps property owners "market alternative accommodations through a global network of distribution channels, digital marketing platforms, and reservation services." A WHOIS report for this website showing its creation date in August, 2014, is attached as **Exhibit C**. A screen shot of the website homepage is attached as **Exhibit D**.

13. Defendants also operate the website www.vacaystaystorebuilder.com, which helps property owners set up their own listing websites and "increase online bookings and generate revenue by harnessing the power of online marketing." A WHOIS report for this website showing its creation date in September, 2014, is attached as **Exhibit E**. A screen shot of the website homepage is attached as **Exhibit F**. The websites vacaystaystorebuilder.com and vaycaystayconnect.com are collectively referred to herein as the "Vacaystay Websites."

14. These services offered by Defendant through the Vacaystay Websites and under the VACAYSTAY mark cater to the same property owners that VRP targets with its services. For example, a property owner might be encouraged by Defendant to set up its own online store to rent its property using Defendant's services instead of using the services offered through VRP's vaystays.com website.

15. On information and belief, Defendant did not use the VACAYSTAY mark in a source-identifying manner protected by the Lanham Act until after February 12, 2014. Accordingly, VRP's rights in its VAYSTAYS mark pre-date Defendant's trademark use of the mark VACAYSTAY.

4

16. Upon learning of Defendant's use of the VACAYSTAY mark in connection with services closely related to those offered by VRP under its VAYSTAYS mark and in a manner that targets the same property owners, VRP sent Defendant a letter demanding that it cease use of the VACAYSTAY mark.

17. Defendant has been unable to show trademark use of the VACAYSTAY mark prior to the effective date of VRP's VAYSTAYS registration despite repeated requests, but has nevertheless refused to cease use of its infringing VACAYSTAY mark and VACAYSTAY-formative domain names in an infringing manner.

18. Upon information and belief, Defendant has intentionally misappropriated VRP's VAYSTAYS mark in an attempt to trade on the goodwill established by VRP in the marketplace.

19. Due to the high similarity in the marks used for competing services targeting the same potential customers, Defendant's unauthorized use of the VACAYSTAY mark is causing a high likelihood of confusion between VRP's services and Defendant's services.

## CAUSES OF ACTION

### COUNT I
### Federal Trademark Infringement under 15 U.S.C. §1114(1)(a)

20. VRP re-alleges and incorporates herein paragraphs 1 through 19 of this Complaint.

21. VRP is the owner of all right, title and interest in and to U.S. Trademark Registration No. 4,693,380 for use of the mark VAYSTAYS in association with the services designated therein.

22. Defendant had actual knowledge of VRP's registrations at least as early as October 22, 2015, yet has continued to use the VACAYSTAY mark in association with competing services.

5

23. Defendant, thus, has deliberately and willfully used a mark confusingly similar to VRP's federally registered VAYSTAYS trademark in association with services that are closely related to the services covered by VRP's federal Registration in an attempt to trade upon and/or diminish the goodwill, reputation and selling power established by VRP under its VAYSTAYS mark, and to pass Defendant's services off as those of VRP.

24. VRP has not consented—and has, indeed, objected—to Defendant's use of VRP's trademark rights covered by its VAYSTAYS Registration.

25. Defendant's unauthorized use in commerce of a colorable imitation of VRP's registered VAYSTAYS trademark in connection with the sale, offer for sale, and advertising of vacation property rental services is likely to cause confusion, cause mistake and to deceive in violation of 15 U.S.C. §1114.

26. The intentional and willful nature of the aforementioned acts entitles VRP to Defendant's profits, VRP's actual damages and recovery of costs, pursuant to 15 U.S.C. §1117(a).

27. As a result of Defendant's aforementioned conduct, VRP has suffered and continues to suffer substantial damage and irreparable harm constituting an injury for which VRP has no adequate remedy at law. Accordingly, only an injunction from this Court can prevent VRP's further irreparable harm at the hands of Defendant.

## COUNT II
### Federal Unfair Competition (15 U.S.C. §1125(a))

28. VRP re-alleges and incorporates herein paragraphs 1 through 19 of this Complaint.

29. Upon information and belief, Defendant has deliberately and willfully attempted to borrow off of the hard-earned goodwill, reputation and selling power established by VRP in

connection with its vacation property rental services in the United States, at least through the use of the VACAYSTAY mark in association with vacation property rental services.

30. Defendant's unauthorized and tortuous conduct has deprived, and will continue to deprive, VRP of the ability to control the consumer perception of VRP's services marketed under its VAYSTAYS trademark, placing the valuable reputation and goodwill of VRP in the hands of Defendant, over whom VRP has no control.

31. Defendant's conduct is likely to cause confusion, mistake or deception as to the affiliation, connection or association of Defendant's services with VRP's services, and as to the origin, sponsorship or approval of Defendant and its services, in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a)(1).

32. The intentional and willful nature of the aforementioned acts renders this violation subject to damages recoverable by VRP in the nature of Defendant's profits, VRP's actual damages, recovery of costs, and enhanced damages as an exceptional case, pursuant to 15 U.S.C. §1117.

33. As a result of Defendant's aforementioned conduct, VRP has suffered and continues to suffer substantial damage and irreparable harm constituting an injury for which VRP has no adequate remedy at law. Accordingly, only an injunction from this Court can prevent VRP's further irreparable harm at the hands of Defendant.

## COUNT III
### Anti-Cybersquatting Consumer Protection Act (15 U.S.C. § 1125(d))

34. VRP realleges and incorporates herein paragraphs 1 through 19 of this Complaint.

35. VRP had priority in its VAYSTAYS mark at the time Defendant registered the Vacaystay Websites.

36. The dominant portion of the Vacaystay Website domain names is confusingly similar to VRP's VAYSTAYS mark, and the domains offer services that compete with those offered by VRP. Consequently, Defendant's registration and use of the Vacaystay Websites is likely to cause confusion, mistake or deception as to the affiliation, connection or association of Defendant with VRP in violation of 15 U.S.C. § 1125(d).

37. On information and belief, Defendant had actual knowledge of VRP's website at <www.vaystays.com> when Defendant registered and began using the Vacaystay Websites.Defendant's registration and use of the Vacaystay Websites constitutes a bad-faith attempt to profit from the reputation and goodwill VRP has built in its VAYSTAYS mark.

38. Defendant's use of the Vacaystay Websites constitutes cybersquatting in violation of Section 43(d) of the Lanham Act 15 U.S.C. §1125(d). As a result of Defendant's conduct, VRP has suffered substantial damage and irreparable harm constituting an injury for which it has no adequate remedy at law. VRP will continue to suffer irreparable harm unless this Court enjoins Defendant's conduct.

## COUNT IV
## Illinois Uniform Deceptive Trade Practices Act (815 ILCS 510)

39. VRP re-alleges and incorporates herein paragraphs 1 through 39 of this Complaint.

40. At all relevant times of the allegations made in this Complaint, the Illinois Uniform Deceptive Trade Practices Act (815 ILCS 510/1 *et seq.*) was in effect.

41. Defendant's willful and unauthorized use of a mark confusingly similar to VRP's VAYSTAYS mark with products and services that directly overlap with, and are promoted through the same channels as, VRP's products and services has caused and, unless enjoined by

this Court, will continue to cause, a likelihood of confusion or of understanding as to the source, sponsorship, approval and/or certification of Defendant's products and services.

42. Such knowing and willful conduct described above constitutes deceptive trade practices within the meaning of the Illinois Uniform Deceptive Trade Practices Act (815 ILCS 510/2), as a result of which VRP has suffered and will continue to suffer immediate and irreparable harm to its goodwill and reputation, for which VRP lacks an adequate remedy at law.

43. In addition to the irreparable harm caused to VRP by reason of Defendant's acts, VRP has suffered and will continue to suffer monetary damages in an amount not yet determined and to be proven at trial.

44. VRP is entitled to entry of permanent injunctive relief prohibiting Defendant from its unauthorized use of VRP's intellectual property in violation of the Illinois Uniform Deceptive Trade Practices Act.

45. Defendant's willful conduct entitles VRP to a recovery of its attorney fees.

## COUNT V
**Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505)**

46. VRP re-alleges and incorporates herein paragraphs 1 through 46 of this Complaint.

47. At all relevant times of the allegations made in this Complaint, the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1 *et seq.*) was in effect.

48. Defendant's willful and unauthorized use of a mark confusingly similar to VRP's VAYSTAYS mark has caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion or of understanding as to the source, sponsorship, approval and/or certification of Defendant's product.

49. Such knowing and willful conduct described above constitutes deceptive business practices within the meaning of the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505), and as a result, VRP has suffered and will continue to suffer immediate and irreparable harm to its goodwill and reputation, for which VRP lacks an adequate remedy at law.

50. In addition to the irreparable harm caused to VRP by reason of Defendant's acts, VRP has suffered and will continue to suffer monetary damages in an amount not yet determined and to be proven at trial, which is recoverable pursuant to 815 ILCS 505/10a.

51. VRP is entitled to entry of permanent injunctive relief enjoining the sale of Defendant's services marketed under the VACAYSTAY mark in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act.

52. Defendant's willful conduct and reckless indifference toward VRP's rights entitles VRP to a recovery of costs, attorney's fees and punitive damages pursuant to 815 ILCS 505/10a.

## PRAYER FOR RELIEF

WHEREFORE, as to all Counts of this Complaint, VRP requests that this Court enter a judgment in favor of VRP and against Defendant on each Count herein, and grant relief as follows:

A. Permanently enjoining and restraining Defendant, its parents, subsidiaries, holding companies, licensees, owners, directors, officers, partners, assigns, related entities, affiliates, predecessors, successors, employees, representatives, trustees, receivers, agents and any other persons or entities acting on behalf of Defendant or with Defendant's authority, from:

    a. using, selling, offering for sale, holding for sale, advertising or promoting within the United States any goods or services within the property rental marketplace

under or in connection with the VACAYSTAY mark, or any mark confusingly similar with VRP's VAYSTAYS mark; and

  b. doing any act or thing that is likely to induce the belief that Defendant's goods, services or activities are in some way connected with VRP's business, or that is likely to injure or damage VRP's rights in its VAYSTAYS mark or the goodwill associated therewith;

 B. Requiring Defendant to reimburse VRP for all damages VRP has suffered by reason of Defendant's acts of infringement and unfair competition, to account for and pay to VRP all profits derived by reason of such acts, and, based on the willfulness of Defendant's actions, to remit to VRP statutory damages or profits (including as provided by 15 U.S.C. §1117, the Illinois Uniform Deceptive Trade Practices Act pursuant to 815 ILCS 510, the Illinois Consumer Fraud and Deceptive Business Practices Act pursuant to 815 ILCS 505, and at common law);

 C. Finding that this case constitutes an exceptional case pursuant to 15 U.S.C. §1117, and awarding VRP its reasonable attorneys' fees and disbursements incurred in bringing this action;

 D. Requiring that Defendant destroy all advertisements, brochures, promotional prints, and sales sheets in its possession or control within the United States that use the VACAYSTAY mark, immediately cease use of and delete any Internet advertisements featuring said mark, and cease direct email solicitations featuring said mark;

 E. Requiring that Defendant transfer ownership of the Vacaystay Websites and any other domains under its control that contain the VAYSTAYS mark or similar variants over to VRP; and

11

    F.    Awarding VRP such other and further relief as this Court may deem equitable.

Dated: November 25, 2015        Respectfully Submitted,

        /s/ Mike R. Turner
Michael G. Kelber
Mike R. Turner
Andrea S. Fuelleman
NEAL GERBER & EISENBERG LLP
2 North LaSalle Street, Suite 1700
Chicago, Illinois 60602
Tel: (312) 269-8000
mkelber@ngelaw.com
mturner@ngelaw.com
afuelleman@ngelaw.com

Attorneys for Plaintiff
VACATION RENTAL PARTNERS, LLC

22100914.4