# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| VACATION RENTAL PARTNERS, LLC, | ) |
| Plaintiff, | ) Case No. 15-cv-10656 |
| | ) |
| v. | ) **Honorable Judge Manish Shah** |
| | ) |
| VACAYSTAY CONNECT, LLC, | ) **Magistrate Judge Michael T. Mason** |
| | ) |
| Defendant. | ) |

# DEFENDANT'S RESPONSE IN OPPOSITION
# TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

**I.      INTRODUCTION**

In contrast to Plaintiff's allegations, the evidence of record raises issues of fact not only on the issue of likelihood of confusion, but on the underlying validity of Plaintiff's trademark registration. Plaintiff assigned the trademark application before the mark was actually used, to an entity which had not yet begun to conduct business. According to the Lanham Act, the assignment of the application is void, as is the registration, and the lack of the registration causes a fallback analysis in this dispute to common law use. Plaintiff admits that Defendant has five months' common law priority of use. There are inconsistencies within the record about Plaintiff's first use of its mark in commerce. Notably, Plaintiff amended its date of first use with the USPTO on the same day of its founder's deposition, delaying its first use in commerce by four months. Lastly, an analysis of the seven factors based on the record supports the Defendant's position of the existence of a factual dispute for trial.

**II.     ARGUMENT**

    **A.      Summary Judgment Standard**

Summary judgment is only appropriate where there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). For a dispute to be genuine, the court must be satisfied that evidence exists upon which the finder of fact could reasonably find for the party opposing the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-52 (1986). In determining summary judgment motions, this Court's function is not to weigh the evidence and determine the truth of the matter, but to determine only whether there is a genuine issue for trial. As such, a court considering a motion for summary judgment must view all facts and draw all reasonable inferences from the evidence before it in a light most favorable to the non-moving party. *Anderson,* 477 U.S. at 255.

In a motion for summary judgment, the burden is on the moving party to establish that there are no genuine issues of material fact in dispute, and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Anderson*, 477 U.S. at 256. Further:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c). VacayStay Connect, LLC (hereinafter VSC), as the non-moving party, need only come forward with appropriate evidence demonstrating that there is a pending dispute of material fact. *Anderson*, 477 U.S. at 250.

### B. Summary Judgment Is Inappropriate Because There Exist Genuine Issues of Material Facts

At the outset, VSC notes that Plaintiff Vacation Rental Partners, LLC (hereinafter VRP) moved for summary judgment on Counts I, II, IV, and V. [35] at p. 1. These Counts are, Federal Trademark Infringement under 35 U.S.C. § 1114(1)(a), Federal Unfair Competition (15 U.S.C. § 1125(a)), Illinois Uniform Deceptive Trade Practices Act (815 ILCS 510), Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505), respectively. [21] at pp. 8, 10, 12 and 13. In its Memorandum, however, VRP has not separated out any distinct elements for each of the separate counts. Rather, VRP stated that the burdens of proof for Counts IV and V are satisfied based upon its analysis for Counts I and II. [36] at p. 13. Accordingly, if an issue of fact is found for any Count, this Court should deny the Motion as to all of the Counts.

Turning to the issues alleged to be in dispute and drawing all reasonable inferences in the favor of VSC, VRP is not entitled to summary judgment. VRP's own documents raise a question of the validity of the trademark registration asserted in this case. Additionally, further issues

exist regarding VRP's priority based upon VRP's recent statements to the U.S. Patent and Trademark Office ("USPTO"). These inconsistencies raise issues and create uncertainty as to the date of first use in commerce of VRP's mark. VSC further submits that likelihood of confusion is not established.

1. <u>It is Unclear Whether the Asserted Registration is Valid</u>

Under 15 U.S.C. § 1060(a)(1), no application filed under section 1051(b), or an intent-to-use (ITU) application,

> shall be assignable prior to the filing of an amendment under section 1051(c) of this title to bring the application into conformity with section 1051(a) of this title or the filing of the verified statement of use under section 1051(d) of this title, except for an assignment to a successor to the business of the applicant, or portion thereof, to which the mark pertains, if that business is ongoing and existing.

15 U.S.C. § 1060(a)(1). "In other words, an ITU applicant may only transfer its application to another if it is transferred with at least the part of the applicant's 'ongoing and existing' business to which the mark pertains." *Creative Arts by Calloway, LLC v. Brooks,* 2012 U.S. Dist. LEXIS 182699, at *14 (S.D.N.Y. Dec. 27, 2012).

Violating this statutory provision "voids the assignment as well as the underlying application and the resulting registration." *Oculu, LLC v. Oculus VR, Inc.*, 2015 U.S. Dist. LEXIS 74666, at *18 (C.D. Cal. June 8, 2015) (*citing Clorox Co. v. Chemical Bank*, 40 U.S.P.Q.2d 1098, 1104 (TTAB 1996)).

In the present case, the application that issued as U.S. Registration 4,693,380 (hereinafter the '380 registration) was filed under section 1051(b) as an intent-to-use application. [37] at ¶ 12. Additionally, the application was filed by Gameday Housing LLC. *Id.* A statement of use was filed in October 2014. *Id.* at ¶ 14. Before October 2014 (*i.e.*, prior to filing the statement of use), an assignment for the application was recorded at the USPTO. *Id.* at ¶ 12. This assignment was executed on September 11, 2014. [38-11] at p. 12 (labeled "VRP000023"). The assignment

3

is back-dated to be effective May 6, 2014. *Id.* Both the date of execution and the effective date of the assignment are prior to the filing of the statement of use. Thus, the application that issued as the '380 registration was assigned by the applicant (Gameday Housing LLC) to another entity (VRP) prior to the filing of a statement of use. Therefore, 15 U.S.C. § 1060(a)(1) applies in this case.

VRP makes no mention of the statute in its Motion or Memorandum in Support of Summary Judgment, suggesting that VRP cannot demonstrate, as discussed in more detail below, that the exception in 15 U.S.C. § 1060(a)(1) has been satisfied. Accordingly, the '380 registration should be found invalid and VRP should not be entitled to summary judgment.

    a. *VRP has not demonstrated that Gameday transferred its "business" to VRP*

Under 15 U.S.C. § 1060(a)(1), in order for the assignment in the present case to be valid, the assignment must have been included in a transfer for "the ***business*** of the applicant." 15 U.S.C. § 1060(a)(1) (emphasis added). This requires more than just an assignment of the trademark application and any good will associated therewith; it requires transfer of "business." For example, a district court reviewing this statutory requirement analyzed a TTAB case in which the only asset that transferred was the trademark. *Sebastain Brown Prods. LLC,* 2016 U.S. Dist. LEXIS 33483, at *29-30 (*citing Railrunner N.A., Inc. v New Mexico Department of Transportation*, 2008 TTAB LEXIS 58 (TTAB July 17, 2008) (non-precedential)). The *Sebastian* court noted that the assignment in Railrunner was found to have violated the statutory exception because "the record revealed no evidence of transfer of MRCOG's assets or liabilities." *Id.* In *Greene v. Ab Coaster Holdings, Inc.,* the court similarly stated that "the Lanham Act required [applicant] to have assigned to Tristar (its alleged "successor") the portion of its existing and ongoing business pertaining to the Ab Coaster mark." 2012 U.S. Dist LEXIS

4

136890, at *27 (S.D. Ohio 2012) (*citing* 15 U.S.C. § 1060(a)(1)). Thus, in order to avoid violation of this statutory section, the assignment must have been part of a larger property transfer.

The assignment associated with the application that issued as the '380 registration does not mention the transfer of any business or any other assets. [38-11] at p. 12. VRP alleges that "Gameday's assets were rolled in to [VRP]." [37] at ¶ 12. However, the documents alleged to support the "assets being rolled into VRP" include only: (1) a copy of the U.S. trademark registration and (2) the assignment associated with same. *Id.* Outside of the trademark application itself and two other trademark registrations, no additional assets are included in the assignment.

VRP's owner, Mr. Geoffrey Polk, stated that VRP "absorbed" the assets of Gameday. [38-1] at ¶ 3. However, this self-serving statement is not corroborated by any documentary evidence. For example, VRP did not produce any asset purchase agreement between VRP and Gameday or any other agreements between VRP and Gameday that purport to transfer the "business." Additionally, this statement is in contrast with documents produced by VRP which appear to show that as of May 29, 2016, the website www.vaystays.com is still owned and operated by Gameday Housing LLC. [38-11] at pp. 2-6.

In sum, VRP has not demonstrated that the assignment at issue in the present case was associated with the transfer of the business of Gameday; therefore, it is unclear whether the '380 registration is valid.

> b. *VRP has not demonstrated that GameDay had any "ongoing and existing business" with respect to the VAYSTAYS mark at the time of assignment*

Another requirement under 15 U.S.C. § 1060(a)(1) is that the "business" being transferred must be "ongoing and existing." In cases applying this statutory section, the focus has been on the applicant's business and use of the mark in question up to the time the application was assigned.

For example, in *Sebastian*, the court found that the applicant had only undertaken mere preparatory actions and had not undertaken any activities sufficient to use the mark to create goodwill associated with same. *Sebastian*, 2016 U.S. Dist. LEXIS 33483 at *36-41. In finding that the applicant did not have an existing and ongoing business at the time of assignment, the court in *Greene* also followed the TTAB's analysis in *Railrunner* and found there was no use of the mark in association with the recited goods or services. *Greene*, 2012 U.S. Dist LEXIS 136890 at *27. In a case before the TTAB, an assignment was found to have not violated this statutory section because the applicant had begun use in commerce of the mark for at least some of the recited goods and services. *Exel Oyj v. D'Ascoli*, 2008 TTAB LEXIS 562 (TTAB Sept. 19, 2008). As the Court noted in *Sebastian*, in the Exel case, "the applicant was using Exel in commerce for some, but not all, of the goods listed in the intent to use application" prior to assigning the application. *Sebastian*, 2016 U.S. Dist. LEXIS 33483 at *31. Thus, at a minimum, an applicant must have made some use in commerce of the mark at issue in order to satisfy the statutory exception.

In this case, the only facts alleged regarding Gameday's use of the VAYSTAYS mark prior to May 6, 2014 (the effective assignment date) was that Gameday acquired the web address of www.vaystays.com. [37] at ¶¶ 11-14. VRP neither alleges nor shows any other use of the

6

mark by Gameday prior to the date of the assignment. *Id.* As VRP informed this Court, "[t]he law is clear that the mere registration of a domain name does not constitute the use of the domain name as a trademark." [27] at pp. 6-7 (internal citations omitted). Thus, the only action attributable to Gameday and associated with the VAYSTAYS mark is activity which <u>does not</u> constitute trademark use.

Accordingly, there is nothing in the record that the VAYSTAYS mark had been used in commerce by Gameday prior to it being assigned, and, also, as seen below, it is not clear that, at the time of the assignment, Gameday had any business associated with the VAYSTAYS mark that would comply with 15 U.S.C. § 1060(a)(1).

         c.    *It is unclear whether VRP was in business at the time of the assignment*

The statutory exception of 15 U.S.C. § 1060(a)(1) also requires an assignment to have been to a "successor" to the applicant's business. The cases analyzing this section have looked at whether or not the assignee—i.e., the party receiving the trademark—was in business at the time of the assignment. For example, in *Creative Arts*, the party receiving the trademark application via assignment was still attempting to start its business at the time of the assignment. 2012 U.S. Dist. LEXIS 182699 at *35. Accordingly, the receiving party could not have been a "successor" under 15 U.S.C. § 1060(a)(1). *Id.* Similar facts exist in the present case.

VRP was created in February or March, 2014, however, organizational documents did not appear until May, 2014. Exhibit 1, attached hereto, Deposition of Geoffrey Polk, 19:7-20:15. In other words, at the time the ITU application was assigned to VRP, VRP was not yet in business and was only attempting to start a business. While VRP may have been registered earlier, VRP admits that no business was being conducted. Exhibit 1, 26:12-27:16. Thus, there

is no evidence that VRP was engaged in any business at the time of assignment, and therefore it is not clear that VRP was a "successor" to the business as required under the statute.

In sum, the application in this case was filed as an intent to use application, and because the application was assigned before a statement of use was filed, the assignment and resulting application are void unless the exception under 15 U.S.C. § 1060(a)(1) applies. Considering the above facts most favorably to VSC, VRP has failed to satisfy the requirements for the statutory exception. Accordingly, summary judgment is improper.

    2.    Questions Remain Regarding the Priority of Plaintiff's Use in Commerce

As indicated above, VRP has not attempted to separate out the various Counts. *See*, Sec. II. B., *supra*. Accordingly, since the validity of the registration is disputed, summary judgment for all of the Counts should be denied. However, even if this Court were to *sua sponte* examine Counts that need not rely on the Registration, assuming *arguendo* that VRP was not entitled to the filing date of the application (for example, if the Registration was cancelled for violating 15 U.S.C. § 1060(a)(1)), VRP's date of first use "in commerce" is in serious dispute.

VRP has relied only upon the '380 registration filing date as a date of first use. [37] at ¶¶ 15, 23, 25, 26, 27, 32. Approximately two months ago, in June 2016, VRP filed a Section 7 request to change the date of first use in commerce in the '380 registration from June 2014 to October 2014. Exhibit 2, attached hereto, Section 7 Request. VRP has offered no explanation for this filing and does not discuss it in its Motion for Summary Judgment. Instead, VRP continues to allege using its mark in commerce in June 2014. [36] at p. 2. Plaintiff has accepted that VSC obtained its first consumer booking on May 24, 2014, five months *before* the now alleged first use in commerce. *Id.* at p. 3. The law is clear that "[a] party may acquire a protectable right in a trademark only through use of the mark in connection with its product [or

8

service]." *Johnny Blastoff, Inc. v. Los Angeles Rams Football Co.*, 188 F.3d 427, 433 (7th Cir. 1999).

When these facts are taken in the light most favorable to VSC, VRP's priority based upon actual use is in dispute. Accordingly, summary judgment in favor of VRP would be improper.

        3.    <u>VSC Has Denied Likelihood of Confusion and Plead in The Alternative</u>

VRP argues the VCS has admitted likelihood of confusion by citing to VCS's counterclaims and a letter from its attorney. [36] at p. 8. However, as discussed below, these "admissions," when taken in light most favorable to VCS, are contained in an offer of settlement and based upon alternative pleadings/VRP's statements.

VRP's basis for its allegation that VCS admitted likelihood of confusion, includes a letter dated October 28, 2015, in which VSC's counsel responded to VRP's allegations of infringement. [36] at p. 8. Notably, VRP omitted the qualifying clause in the quoted statement from the letter. More specifically the letter, after discussing VSC's believed-to-be prior rights, states:

> and ***it would appear from your letter and the one sent by Mr. Brusznicki***, that Vacation Rental Partners' use of the mark "Vaystays" is causing substantial confusion in the marketplace, and violates the common law trademark rights of VSC.

[38-8] at pp. 17-18 (emphasis added). In other words, at the time of the letter, VSC believed that it was the senior user and did not believe there was a likelihood of confusion, however, since VRP was making allegations that there was a likelihood of confusion, VSC's response of confusing similarity was based upon VRP's allegations. This does not admit confusingly similarity—especially when viewed most favorably to VSC.

9

Furthermore, the letter also arguably falls under Fed. R. Evid. 408 as a statement made in an offer to comprise:

> We agree that a ***resolution of this situation is required***, which VSC would likewise ***desire to accomplish without litigation***. We look forward to hearing from you soon.

[38-8] at pp. 17-18 (emphasis added). Thus, not only is the letter hypothesizing likelihood of confusion, in the light most favorable to VSC, it is also an offer for comprise and thus inadmissible.

Turning to the Counterclaims and the Answer to the Amended Complaint, VSC submits that such statements comprise pleading in the alternative. Fed. R. Civ. P. 8(d)(2) allows for a party to plead in the alternative. It is undisputed that VSC denied the allegations associated with likelihood of confusion, or the similar Counts. For example, in responding to the allegation that VRP's "unauthorized use in commerce of a colorable imitation of VRP's registered VAYSTAYS….", VSC "denie[d] the allegations of paragraph 38. ***In the alternative***, VRP's use of VAYSTAYS is likely to be confused with Defendant's senior use of VACAYSTAY." [22] at p. 15 (emphasis added). Similar responses are found in response to paragraphs 44, 49, 54, and 61 of the Amended Complaint. *Id.* at pp. 17-21. VRP's position would have this Court completely ignore VSC's clear and unambiguous denials, as well as its statement that the allegation of likelihood of confusion is plead in the alternative.

Moreover, in *Days Inn Worldwide*, a case cited by VRP, the admissions were based upon a Rule 56.1 statement. *Days Inns Worldwide, Inc. v. Lincoln Park Hotels, Inc.,* 500 F. Supp. 2d 770, *774-75 (N.D. Ill. 2007). Additionally, the marks at issue in *Days Inn Worldwide* were identical. *Id*. This is not the case in the present situation.

In sum, taking the "admissions" in the light most favorable to VSC, it cannot be said to be undisputed that likelihood of confusion has been admitted by VSC in this case.

4. <u>Material Facts For Likelihood of Confusion Are Genuinely Disputed</u>

As will be discussed in more detail below, VRP makes many unsupported allegations in its brief that fail to establish a likelihood of confusion in this case. Indeed, likelihood of confusion is a question of fact, typically reserved for the jury. *Bd. of Regents of Univ. of Wis. Sys. v. Phx. Int'l Software, Inc.,* 453 F.3d 448, 455 (7th Cir. 2011). As such, a court may only grant summary judgment if no reasonable jury, **looking at the seven factors as a whole,** could conclude that there is a likelihood of confusion. *Sorensen v. WD-40 Co.,* 792 F.3d 712, 726 (7th Cir. 2015) (emphasis added) (citations omitted). Therefore, when all of these factors are viewed in the light most favorable to VSC, summary judgment is not appropriate.

a. *Plaintiff's VAYSTAY trademark and Defendant's VACAYSTAY trademark are dissimilar in many ways*

VSC submits that whether or not the marks are similar is contested. For example, the mark VAYSTAY has two syllables. The mark VACAYSTAY has three syllables. VRP has no consumer evidence that the "ca" tends to drop out as alleged. Rather, its position is unsupported. Likewise, while VSC submits that its mark VACAYSTAY includes "vacay" which has come to suggest "vacation," there is no evidence that "vay" means the same. Attorney argument does not support this position and certainly does not demonstrate the lack of a dispute for a genuine issue of material fact.

Furthermore, although VRP showed VSC's marks as "prominently displayed" on its website—in which the marks are consistently stylized—VRP completely ignores this fact and focuses on how the marks are used in e-mails or in a web address. However, looking at VRP's Statement of Facts, in the industry, the use on the website would be the most appropriate to gauge the visual similarity in the minds of the consumers. [37] at ¶ 49. VRP ignores any

11

analysis on the visual dissimilarity of the marks as encountered by the public on a property listing. Thus, when considered in the light most favorable to VSC, the marks are dissimilar.

Furthermore, VRP's analysis is replete with inaccurate and unsupported statements like both marks at issue are the names of the companies. It is undisputed that the Plaintiff is not called VAYSTAYS but is in fact "VACATION RENTAL PARTNERS." [21] at ¶ 2. Also, VRP cites as evidence how VSC had referred to itself in some pleadings. This, of course, has nothing to do with the likelihood of confusion analysis.

VRP has failed to demonstrate that this factor is undisputed—especially when viewed in the light most favorable VSC.

          b.     *VRP's evidence of similarity of services is unsupported*

In analyzing the second factor VRP makes note of a "consumer" standpoint. [36] at p. 10. However, this ignores the fact that VSC markets and does business with commercial entities and companies dealing with property owners. Notably, the only citations to evidence in this case are to two property listings and to a statement about the number of VSC's listings. In its analysis of this section VRP, cites to nothing that discusses the services to the corporate forums of property owners. Accordingly, VRP has not met its burden.

          c.     *The channels of commerce, marketing and general audience is focused on how the parties market listings and not how the companies solicit business from customers*

While VRP focuses on how the properties of both companies are marketed, the focus should instead be on how VSC markets their services to clients—*i.e.,* resorts and companies dealing with property owners, not the renters. While the renters might pay VSC and VRP, the VSC clients are the companies who interact directly with property owners. VRP's analysis spends little if any time analyzing the services provided to these clients. In contrast, Michael Montemurro, VSC's CEO, has shown that VRP uses a competitor of VSC for its distribution

12

services, thus demonstrating that VRP uses its mark in a distinct channel of trade, separate from VSC. Exhibit 3, attached hereto, Declaration of Michael Montemurro at ¶¶ 6, 7. VRP has not demonstrated that this factor unquestionably supports a finding of a likelihood of confusion. Additionally, VRP's statement that because both businesses are based in Chicago this would tend to add to the likelihood of confusion factor has no support.

          d.      *VacayStay's clients and Plaintiff's consumers are a sophisticated group of people, which are not likely to be easily confused*

As with the preceding factor, VRP focuses on the public's level of sophistication—when it should have provided an analysis of the corporate client. Again, the customers that receive VSC's services are resort managers and companies dealing with property owners, not individuals looking to rent a property. However, VSC focused on the renters, which is the incorrect group of consumers.

          e.      *Issuance of Plaintiff's United States trademark registration does not automatically make the VAYSTAY mark strong*

VRP's argument that is mark is strong is based solely upon the fact that it has a suggestive mark. This would mean that any party with at least a suggestive mark would have a "strong mark." This is not the case. Indeed, at the time VRP brought the suit, November 25, 2015, VRP had only been using the mark for slightly more than one year. Additionally, the fact that a business owner cannot readily recall any estimate of the sales volume for his business, arguably implies that the business is not thriving, let alone strong. Exhibit 1, 51:23-53:7. Again, from the record, this factor is not so clear as to weigh in favor of VRP.

          f.      *Isolated instances of confusion are not dispositive evidence of a likelihood of confusion*

VRP's evidence of confusion is based upon hearsay. It has not provided any testimony evidence from the two people who were allegedly confused. The first instance of confusion,

13

which is based upon hearsay, may show confusion, but it is not clear whether it is confusion as to the source of services or merely a mistake. [37] at ¶ 46. The e-mail provides no reason why the mistake was made (*i.e.*, typographical error or actual confusion). It seems entirely possible that the person merely entered the wrong account, and "the court cannot make credibility determinations on a motion for summary judgment." *V & S Vin & Sprit Aktiebolag v. Cracovia Brands, Inc.*, 2004 U.S. Dist. LEXIS 17, at *9 (N.D. Ill. Jan. 5, 2004). Regardless, this Court has held that "evidence that one person confused the two products would not entitle [the plaintiff] to summary judgment as a matter of law." *Id.*

The evidence of actual confusion is dubious at best, and does not support this factor weighing in favor of a likelihood of confusion.

    g.  *VacayStay had no intent to "palm off" its products as that of Plaintiff*

VRP's wholly admits that VSC has not intended to palm itself off as VRP. [36] at p. 13. Rather, VRP attempts to turn this analysis into a general bad faith intent analysis. However, the factor is not "bad faith litigation," it is "palming off," a subject on which VRP has not provided any analysis.

In sum, taking all of the likelihood of confusion factors in the light most favorable to VSC, likelihood of confusion has not been demonstrated by VRP. Having failed to meet its burden, VRP is not entitled to summary judgment.

  **C.**  **Request for a Permanent Injunction**

VRP's request for an injunction is based upon its likelihood of confusion analysis, the "evidence" of actual confusion, and the alleged "admission" that confusion is causing a problem. VSC has addressed these issues above, and, since these issues are disputed, unsupported, or in some instances moot, this request should be denied.

### III.  CONCLUSION

For the above reasons, VacayStay Connect respectfully requests that Plaintiff's Motion for Summary Judgment be denied.

Dated this 16th day of August 2016.    Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　/s/ Lawrence J. Crain
　　　　　　　　　　　　　　　　　　Lawrence J. Crain
　　　　　　　　　　　　　　　　　　Steven P. Fallon
　　　　　　　　　　　　　　　　　　Jessica L. Bloodgood
　　　　　　　　　　　　　　　　　　Greer, Burns & Crain, LTD.
　　　　　　　　　　　　　　　　　　300 South Wacker Drive, Suite 2500
　　　　　　　　　　　　　　　　　　Chicago, Illinois 60606
　　　　　　　　　　　　　　　　　　312.360.0080
　　　　　　　　　　　　　　　　　　312.360.9315 (facsimile)
　　　　　　　　　　　　　　　　　　lcrain@gbc.law
　　　　　　　　　　　　　　　　　　sfallon@gbc.law
　　　　　　　　　　　　　　　　　　jbloodgood@gbc.law

　　　　　　　　　　　　　　　　　　*Attorneys for Defendant VacayStay Connect, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of August, 2016, a copy of the foregoing DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT was filed with the Court's electronic filing system and was served on counsel for all parties in the case.

       /s/ Lawrence J. Crain
Lawrence J. Crain
Steven P. Fallon
Jessica L. Bloodgood
Greer, Burns & Crain, LTD.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
lcrain@gbc.law
sfallon@gbc.law
jbloodgood@gbc.law

*Attorneys for Defendant VacayStay Connect, LLC*