IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| VACATION RENTAL PARTNERS, LLC; )<br>)<br>*Plaintiff,* )<br>)<br>v. )<br>)<br>VACAYSTAY CONNECT LLC. )<br>)<br>*Defendant*. ) | Case No. 1:15-cv-10656<br><br>Hon. Judge Manish S. Shah |

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE
TO PLAINTIFF'S L.R. 56.1 STATEMENT AND RESPONSE TO
DEFENDANT'S COUNTERSTATEMENT OF ADDITIONAL FACTS**

Pursuant to Local Rule 56.1(a)(3), Plaintiff Vacation Rental Partner, LLC ("VRP") submits the following response to Defendant's Local Rule 56(A)1 Counterstatement of Additional Facts.

**I.   Defendant's "Objections" are Inappropriate and Without Merit**

Defendant's "Objections to the Statement of Material Facts" in its L.R. 56.1 Response (ECF 44 at 1-3) are baseless and should be ignored. Without offering a *single example*, Defendant criticizes VRP's Statement as containing "inappropriate legal and factual argument" and "irrelevant information." This is ironic given that Defendant opens its response with three pages of legal argument and case citations, while VRP's Statement does not have a single case citation, or anything that could be construed as "legal argument."

Aside from Defendant's empty and unsupported claim that Plaintiff's Statement contains argument and irrelevant facts, Defendant's main contention appears to be that some of Plaintiff's paragraphs contain more than one fact. However, case law clearly shows that this is not objectionable. Indeed, the case Defendant relies on to suggest impropriety with listing multiple facts in a paragraph actually endorses the statement in question that does so. Namely,

*Deffenbaugh v. BNSF Ry. Co.* clearly states that L.R. 56.1 "**does not restrict a paragraph to one fact or one sentence**." 2015 U.S. Dist. LEXIS 31669, *16 (N.D. Ill. Mar. 16, 2015) (quoting *Fishering v. City of Chicago*, 2009 U.S. Dist. LEXIS 12197, *2 (N.D. Ill. Feb. 18, 2009). Though the *Deffenbaugh* court suggested some of BNSF's statements "would have been better split-up into multiple paragraphs," it found them "properly and efficiently organized around discrete incidents with common, related factual details," and allowed BNSF's statement to stand. *Id*.

VRP organized its Statement topically with category headers, based around the elements it needs to prove to support its claims of infringement. The Statement was designed to give the Court the necessary facts and information to make a ruling on VRP's Motion, and included numerous record citations to back up its statements.[1] VRP's Statement complies with L.R. 56.1 in all respects, and Defendant's "Objections" should be ignored.

## II.  Defendant's "Disputes" with VRP's Statements are Unfounded

Defendant disputes the majority of VRP's statements of material fact by suggesting they are actually "conclusions," and then identifying a passage within each statement that is not found verbatim within the material cited by VRP. This is not a legitimate disagreement with a material fact, as envisioned under L.R. 56.1(b)(3)(B). "Where a proposed statement of fact is supported by the record and not adequately rebutted, the court will accept that statement as true for purposes of summary judgment. **An adequate rebuttal requires a citation to specific support in the record; an unsubstantiated denial is not adequate**." *Exxonmobil Oil Corp. v. Amex*

---

[1]  VRP did not include facts regarding the merger of Gameday Housing LLC into Vacation Rental Partners LLC, because that issue was not (and VRP maintains *is* not) before the Court. Had Defendant plead the issue as a defense or counterclaim, VRP would have included facts necessary to show that it lacks merit. Under the circumstances, VRP is forced to do so through the attached Joint Declaration.

*Constr. Co., Inc.*, 702 F. Supp. 2d 942, 961-62 (N.D. Ill. 2010) (emphasis added) (citing *Albiero v. City of Kankakee*, 246 F.3d 927, 933 (7th Cir. 2001)).

Defendant's "disputes" are baseless and do not comply with the Rule. First, there is no requirement within Rule 56.1 that a statement of material fact must be found verbatim within the record. Plaintiff's Statement presents relevant, concise statements of fact set forth in a coherent, summarized fashion, and cites various content within the record to support each of those statements of fact, as required by the Rule. Second, Defendant fails *in every case* to cite anything in the record that would call VRP's statement into question. Instead, and inexplicably, Defendant copies in the material VRP cited, all of which VRP included in attachments to its Statement. This material *supports* VRP's statements rather than *disputes* them. Because Defendant has failed to adequately dispute a single one of VRP's statements of material fact, each of VRP's statements should be accepted as true for purposes of VRP's Motion.

**III.    VRP's Responses to Defendant's Additional Statements**

1. The application that issued as U.S. Registration 4,693,380 (hereinafter the '380 registration) was filed under section 1051(b) as an intent-to-use application. [37] at ¶ 12.

    **RESPONSE:**  Admitted.

2. The application that issued as the '380 registration was filed by Gameday Housing LLC. [37] at ¶ 12.

    **RESPONSE:**  Admitted.

3. Before October 2014, an assignment was recorded at the USPTO for the application that issued as the '380 registration (hereinafter "the Assignment"). [37] at ¶ 12.

    **RESPONSE:**  Admitted.

3

4. The Assignment recorded at the USPTO for the application that issued as the '380 registration was executed on September 11, 2014. [38-11] at p. 12, labeled "VRP000023".

**RESPONSE:** Admitted.

5. The Assignment is dated to be effective May 6, 2014. [38-11] at p. 12, labeled "VRP000023".

**RESPONSE:** Admitted.

6. The Assignment associated with the application that issued as the '380 registration does not mention the transfer of any business or any other assets of Gameday Housing LLS, except for two other trademark registrations. [38-11] at p. 12, labeled "VRP000023".

**RESPONSE:** Denied. The document, which is in the record, speaks for itself. It does not mention a "Gameday Housing LLS." More importantly, as fully set forth in the attached Joint Declaration of the Former Owners of Gameday Housing, LLC ("Joint Decl."), the document merely reflects aspects of a larger transaction that occurred, namely the complete rolling of Gameday Housing, LLC into VRP. *See* Joint Decl., ¶¶ 5-8. Pursuant to the underlying transaction, Gameday Housing, LLC contributed its entire business (including all of its intellectual property, all of its on-going real estate rental business, all of its planned business, its assets, debts—everything) into Vacation Rental Partners, LLC (VRP). *Id*. at ¶6.[2]

7. As of May 29, 2016, the website www.vaystays.com was still owned and operated by Gameday Housing LLC. [38-11] at pp. 2-6, labeled "VRP000001-VRP000005".

**RESPONSE:** Denied. While Gameday Housing, LLC was still listed as the registrant on the identified document, which is dated May 29, 2016, that is only because VRP did not update the WHOIS database. *See* Joint Decl., ¶9. Indeed, Gameday Housing, LLC did not exist

---

[2] VRP waives the confidentiality designation affixed to Exhibit 3 of the Joint Declaration.

4

on May 29, 2016, it having been fully contributed into VRP on May 7, 2014. *Id*. at ¶6 and Exs. 1-3 thereto. Upon identification of this issue by Defendant, VRP updated the WHOIS registry. *Id*. at ¶9. This matter is not relevant to any issue before the Court.

> 8. Gameday's only use of the VAYSTAYS mark prior to May 6, 2014 was that Gameday acquired the web address of www.vaystays.com. [37] at ¶¶ 11-14.

**RESPONSE:** Denied. First, Defendant's "evidence" does not support this statement. Defendant merely cites paragraphs from VRP's own Statement, none of which contain anything that could be deemed an admission of the alleged fact. Second, Gameday made other use of the VAYSTAYS mark prior to May 6, 2014, including, but not limited to, hiring staff under the name and beginning to market the new brand. *See, e.g*., Polk Dep., 26:12-17 (filed as Ex. 1 to VRP's Reply brief). However, proof of use prior to May 6, 2014 is not required, was never requested by Defendant, and was, therefore, not developed during discovery.

> 9. At the time the application that issued as the '380 registration was assigned to VRP, VRP was not yet in business and was only attempting to start a business. Exhibit 1 to Defendant's Response in Opposition to Plaintiff's Motion for Summary Judgment, Deposition of Geoffrey Polk, 19:7-20:15.

**RESPONSE:** Denied. VRP incorporates by reference its response to Defendant's statement number 6. VRP was formed on March 7, 2014, with the State of Indiana for the purpose of raising capital and eventually absorbing Gameday Housing, LLC. Joint Decl. at ¶¶ 3-4. On May 7, 2014, with the financing in place, Gameday Housing, LLC was rolled into VRP, and VRP officially became the name of the enterprise. *Id*. at ¶ 5. However, the business did not change, nor did the personnel, the owners, or their shares of interest in the business. *Id*. at ¶¶ 5-7. As such, the business of Gameday Housing, LLC *was* the business of VRP, and that business was ongoing and existing long before the time period in question.

10. In June 2016, VRP filed a Section 7 request to change the date of first use in commerce in the '390 registration from June 2014 to October 2014. Exhibit 2 to Defendant's Response in Opposition to Plaintiff's Motion for Summary Judgment, Section 7 Request.

**RESPONSE:** Denied on the basis that VRP is aware of no "'390 registration." The Section 7 Amendment document filed by Defendant as ECF 43-2 speaks for itself. VRP filed the document out of an abundance of caution to prevent any mistaken suggestion that VRP believed use of a mark in an email address automatically demonstrates "use in commerce." During VRP's deposition, Defendant focused on an email communication in which Wes Smithe of VRP was corresponding with a photographer to set up a listing for a Delavan, Wisconsin property on June 1, 2014. *See* Polk Dep. 39:22-43:22 and PX-7 attached thereto (filed as Ex. 1 to VRP's Reply brief). Later that month, Mr. Smithe helped a consumer book the property. *Id*., PX-10. For these communications, Mr. Smithe used the email address "wes@vaystays.com." *Id*. From this line of questioning, Defendant appeared to be trying to evoke an admission that mere use of a mark in an email address is use in commerce, to support its failed claim of priority based on early use of vacaystay email addresses by its own personnel. The difference is, Mr. Smith was using his email address to offer the services identified in the '380 Registration to an actual consumer while Defendant's email communications were directed at setting up and testing a booking service with Interval. Nevertheless, VRP filed the Section 7 Amendment to reflect a date that it could easily support with other types of documentation.

11. VRP has no records that VRP used the VAYSTAYS mark in commerce prior to October 2014. Exhibit 2 to Defendant's Response in Opposition to Plaintiff's Motion for Summary Judgment, Section 7 Request.

**RESPONSE:** Denied. VRP incorporates by reference the relevant portions of its response to Defendant's statement numbers 8 and 10. In any event, there is no need for VRP to show evidence of use prior to the filing of its Statement of Use.

    12.    VCS has used its VACAYSTAY mark in commerce at least as early as September 16, 2014. [36] at p. 10.

**RESPONSE:** Denied. Defendant attempts to support this statement by citing VRP's Memorandum in Support of Summary Judgment, where VRP cites to its Statement of Material Facts ¶24, which in turn cites to, among other things, Plaintiff's Deposition Exhibit 17. The relevant passage from that exhibit is shown below:

> From: Miriam Weinstein [mailto:mweinstein@vacaystayconnect.com]
> Sent: Friday, November 13, 2015 1:19 PM
> To: 'Sunil Aluvila' <saluvila@vacaystayconnect.com>; 'Robert Gorman' <rdgorman@sbcglobal.net>
> Cc: 'Michael Montemurro' <mmontemurro@vacaystayconnect.com>; 'Jeff Ring' <jring@vacaystayconnect.com>
> Subject: FW: Reservation
>
> Here's the very first consumer reservation receipt that went to a consumer for distribution (HomeAway listing channel) back on 9/16/2014. Note that the email was generated from reservations@vacaystay.com. The logo is not showing for some reason.

VRP cited this as an admission from Defendant that the *earliest* it possibly used the Vacaystay mark in commerce was September 16, 2014. However, the document does not positively confirm the mark *was* used on that date, and VRP makes no admission relating thereto.

Dated: September 6, 2016                                  By:    s/Mike R. Turner/

                                                                                 One of the Attorneys for Plaintiff

                                                                                 Michael G. Kelber
                                                                                 Mike R. Turner
                                                                                  Andrea S. Fuelleman
                                                                                  NEAL, GERBER & EISENBERG LLP
                                                                                 Two North LaSalle Street
                                                                                 Chicago, Illinois 60602
                                                                                 Telephone: (312) 269-8000
                                                                                 Facsimile: (312) 269-1747

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on September 6, 2016, a copy the foregoing was served on all counsel of record in this matter via the Court's Electronic Filing System:

>Lawrence J. Crain
>Steven P. Fallon
>Jessica L. Bloodgood
>GREER, BURNS & CRAIN, LTD.
>300 South Wacker Drive, Suite 2500
>Chicago, Illinois 60606
>
>lcrain@gbclaw.net
>sfallon@gbclaw.net
>jbloodgood@gbclaw.net

/Mike R. Turner/
One of the Attorneys for Plaintiff,
Vacation Rental Partners, LLC

25145634.5